

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 3 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

STEPHEN VAZQUEZ

CRIMINAL NO. 03-50023-01
JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court is Stephen Lee Vazquez's ("Vazquez") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 81. Based on the following, Vazquez's motion is **DENIED.**

## I. BACKGROUND

A federal grand jury returned a four count indictment against Vazquez charging him with conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, conspiracy to distribute cocaine and possession with intent to distribute cocaine. See Record Document 20. He pleaded guilty to count one of the indictment, which charged him with conspiracy to possess with the intent to distribute fifty grams or more of methamphetamine. See Record Document 50. Vazquez was sentenced on September 18, 2003, to one

hundred twenty months of imprisonment. See Record Documents 66 and 67. He filed the instant motion on August 23, 2007. See Record Document 81.

## II. LAW AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 by creating a one-year period of limitation in which to file a section 2255 motion. Section 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As mentioned, Vazquez was sentenced on September 18, 2003. See Record Documents 66 and 67. He filed a notice of appeal to the Fifth Circuit on September 26, 2003. See Record Document 68. The Fifth Circuit affirmed the sentence on July 21, 2004. See Record Document 77. On January 24, 2005, the Supreme Court granted Vazquez's petition for a writ of certiorari, vacating the judgment of the Fifth Circuit and remanding the case in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). On July 22, 2005, the Fifth Circuit, concluding that nothing in the Booker decision required it to change its prior decision, again affirmed his sentence. See Record Document 80.

Applying the one-year limitation period provided in the AEDPA, Vazquez's section 2255 motion would have been barred in 2006. His section 2255 motion, however, was not filed until August of 2007, long after the expiration of the one-year period. Therefore, his motion is clearly untimely.

Accordingly, **IT IS ORDERED** that Vazquez's motion to vacate, set aside, or correct sentence under section 2255 (Record Document 81) is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of August, 2007.

JUDGE TOM STAGG